**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| JEREMY AMIN NYUWA, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | Nos. 09-70457 <br>       09-71483 <br><br> Agency No. A078-231-145 <br><br> MEMORANDUM[*] |

On Petitions for Review of Orders of the
Board of Immigration Appeals

Submitted March 12, 2013[**]

Before:    PREGERSON, REINHARDT, and W. FLETCHER, Circuit Judges.

In these consolidated petitions for review, Jeremy Amin Nyuwa, a native and

citizen of Nigeria, petitions pro se for review of the Board of Immigration Appeals'

("BIA") order denying his motions to reopen and to reconsider.  We have

jurisdiction under 8 U.S.C. § 1252.  We review for abuse of discretion the denials

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

of motions to reopen and to reconsider, and review de novo claims of due process violations. *Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002). We deny the petitions for review.

The BIA did not abuse its discretion in denying Nyuwa's motion to reopen for failure to show prima facie eligibility for asylum. *See Toufighi v. Mukasey*, 538 F.3d 988, 996-97 (9th Cir. 2008) (even assuming changed country conditions, petitioner must demonstrate prima facie eligibility for relief in order to reopen proceedings); 8 C.F.R. § 1003.2(c)(1) (a motion to reopen must be accompanied by the appropriate application for relief and all supporting documentation).

The BIA also did not abuse its discretion in denying Nyuwa's motion to reconsider where the motion failed to identify any error of fact or law in the BIA's prior decision denying the motion to reopen. *See* 8 C.F.R. § 1003.2(b)(1).

It follows that Nyuwa's due process claims fail. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and substantial prejudice to prevail on a due process claim).

Nyuwa's contention that the BIA impermissibly allowed the immigration judge's adverse credibility determination to taint the adjudication of his motions to reopen and reconsider is not supported by the record.

**PETITIONS FOR REVIEW DENIED.**

2                                                                 09-70457